**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**DANNY JUNIOR FAEZELL,**                                          **PETITIONER**

versus                                          **Civil Action No.: 1:11CV224-SA-SAA**

**STATE OF MISSISSIPPI**                                          **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the pro se petition of Danny Junior Faezell, Mississippi prisoner # 08221, for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has moved to dismiss the petition, Petitioner has responded, and the matter is now ripe for resolution. For the reasons set forth below, the petition for a writ of habeas corpus will be dismissed under 28 U.S.C. § 2244(d).

Petitioner was convicted in the Circuit Court of Alcorn County of aggravated assault on a police officer, felony escape, possession of a firearm by a convicted felon, grand larceny, and two counts of attempted armed carjacking. On July 28, 1998, he was sentenced as an habitual offender to serve a sentence of life for each count in the custody of the Mississippi Department of Corrections.[1] He appealed his convictions and sentences, and the Mississippi Supreme Court affirmed the judgment of the trial court on February 24, 2000. *See Faezell v. State*, 761 So.2d 140 (Miss. 2000) (No. 1998-KA-1799-SCT). He did not seek a petition for writ of certiorari to the United States Supreme Court following the decision, but he filed for leave to proceed in the trial court on a motion for post-conviction relief on November 5, 2001.[2] It was denied by order

---

[1] ECF No. 11-1.

[2] ECF No. 11-3. The application was signed on October 29, 2001.

filed on August 21, 2002.[3] Petitioner now seeks federal habeas relief by a petition for writ of habeas corpus that was signed on September 29, 2011.[4]

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which requires that a petition for federal habeas corpus review be filed within one year from the date that a petitioner's state court judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d))(1)(A). In this case, Petitioner did not seek review in the United States Supreme Court after the Mississippi Supreme Court affirmed his convictions and sentences on direct review. Therefore, Petitioner's State court judgment became final on May 24, 2000, which is ninety (90) days after the Mississippi Supreme Court's February 24, 2000, decision. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (holding that "direct review includes a petition for writ of certiorari to the Supreme Court"). Absent tolling, Petitioner's petition for federal habeas relief was due May 24, 2001.

Inasmuch as Petitioner did not seek post-conviction relief in State court until well after the expiration of the one year deadline prescribed by the AEDPA, he is not entitled to statutory tolling for the period of time that his post-conviction application was pending. *See* 28 U.S.C. § 2244(d)(2) (tolling the federal statute of limitations while a "properly filed" application is pending). Therefore, his federal habeas petition should have been filed by May 24, 2001. Even if the Court were to find that the federal limitations period was not triggered until Petitioner's post-conviction proceedings ended on August 21, 2002, Petitioner still failed to file for federal

---

[3] ECF No. 11-4.

[4] ECF No. 1.

habeas relief within the one year deadline, as his federal habeas petition was not "filed" until at least September 29, 2011. *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (holding that the "mailbox rule" deems a pro se prisoner's petition filed on the date it is delivered to prison officials for mailing). While the statute of limitations can be equitably tolled, it is appropriate to do so only in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted). The Court finds no such circumstances to exist in this case, and it determines that the instant petition is time barred. Therefore, the Court **GRANTS** Respondent's "Motion to Dismiss Pursuant to § 2244(d)" and **DISMISSES** with prejudice the petition filed in this cause.

    **SO ORDERED** this the 24th day of April, 2012.

                                                                    /s/ Sharion Aycock
                                                                      **U. S. DISTRICT JUDGE**